UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE D. TESSIER ET UX** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-10726** |
| **ALLSTATE INSURANCE COMPANY AND HERMAN LABORDE** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to remand of George D. Tessier and Marti Tessier is **GRANTED**, and the case is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany.  (Document #12.)

### I. BACKGROUND

George D. and Marti Tessier[1] purchased an Allstate Deluxe Policy of Homeowners insurance in 1989 through an agent, Herman Laborde, to cover their home at 13489 Wembley Road in Folsom, Louisiana.  The property was damaged as a result of Hurricane Katrina.

When the Tessiers returned to their home after the hurricane, they could not gain access because 17 trees blocked their driveway.  Once the Tessiers arranged for the trees to be removed,

---

[1] Marti Tessier is an attorney representing herself and George.

they discovered that six trees were down on the house, causing a hole in the roof and ceiling of the master bedroom, and the walls had been penetrated by branches. The deck had pulled away from the house leaving a "crevasse," and the house seemed to be leaning. Rain had poured through the roof, and the house was uninhabitable. Trees had also damaged the six outbuildings on the property. The Tessiers contacted a contractor to remove the trees and placed a tarp over the roof of the house.

During the first week of September, the Tessiers contacted their agent and personnel at the Allstate tent outside of Wal-Mart and received a claim number. In October 2005, the Tessiers sent to Allstate a proof of claim, photographs of the damage, and a written demand. In December 2005, adjusters Andy Walker and his nephew visited the property on two occasions. The Tessiers showed the Walkers evidence of structural damage to the house, and a supervisor inspected the home and requested that Allstate order a structural engineering inspection. Walker requested a list of damaged movable property and information about the refrigerators and freezer and their contents.

The Tessiers sent a fax to the Walkers with the requested information, but the Walkers responded that it should be left to the supplemental adjuster because they were leaving the area. The Tessiers received the Walkers' line itemization and a check for partial loss of $54,000, which they allege was inadequate to cover the roof, walls, and floors.

On May 28, 2006, the supplemental adjuster arrived and told the Tessiers to have their prefinished oak floors nailed down and sanded and to submit a line-by-line itemization of other damage with a price from a contractor. Allstate did not send a structural engineer. In August

2006, the Tessiers sent a second demand for policy limits with proof of claim, photographs, line itemization, and a description of work.  The Allstate policy did not provide sufficient coverage for the loss.  Additionally, it appears that Laborde listed the address of the office instead of the home as the insured property.

      The Tessiers filed a petition and an amended petition for breach of contract and damages in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, against Allstate and Laborde.  The Tessiers contend that they solicited the advice and assistance of Laborde regarding insurance on their home and relied on his expertise to provide them with information regarding the amount and type of insurance required to afford full and adequate coverage.  The Tessiers argue that they would have followed Laborde's advice if he had suggested an increase in coverage.  Further, the Tessiers contend that Laborde caused them to suffer additional damage to their home because the policy indicated coverage for their Mandeville office rather than their Folsom home, and this caused the adjusters to delay in resolving the claim because they were authorized to adjust the building in Mandeville, not Folsom.

      Allstate removed the case to federal court, asserting that diversity jurisdiction is present because Laborde is improperly joined.  The Tessiers filed a motion to remand the case to state court.

## II. DISCUSSION

### A. Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)).  The test to determine whether the plaintiff is able to establish a cause of action against the non-diverse party is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id.  A court may predict whether the plaintiff has a reasonable basis of recovery under state law by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id.  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Id.

### B. Improper joinder

#### 1. Peremption

Allstate contends that the claims against Laborde are perempted under La. Rev. Stat.

9:5606.[2]  Allstate argues that the insurance policy was written in 1989 and has been renewed on an annual basis, but there is no indication that the Tessiers requested any changes to their policy after 1999.

Generally, subsequent renewals of insurance policies "do not operate to restart peremption." Dobson v. Allstate Ins. Co., 2006 WL 2078423 at *8 (E.D. La. 2006) (citing Biggers v. Allstate Insurance Co., 886 So.2d 1179, 1182-83 (La. Ct. App. 2004)). "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." Biggers, 886 So.2d at 1182; see also Sonnier v. Louisiana Farm Bureau Mutual Ins. Co., 924 So.2d 419, 422 (La.Ct. App. 2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).

The court finds that Allstate has not established that there is no reasonable basis to predict that the 2005-2006 renewal of the policy was not a separate and distinct act from the original purchase. The Tessiers state that they relied on Laborde to inform them of their options for adequate protection during the placement of the policy for 2005-2006 policy period. The

---

[2]  La. Rev. Stat. 9:5606 provides in relevant part:
A.  No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Tessiers further allege that they were not aware until their meeting with the adjusters in December 2005 that Laborde had identified the wrong property on the policy or that their residence was underinsured. The Tessiers filed suit on August 28, 2006; therefore, the suit was filed within the peremptive period of La. Rev. Stat. § 9:5606.

### 2. Negligence

Alternatively, Allstate contends that Laborde is improperly joined because the Tessiers cannot establish a cause of action in negligence against Laborde. Allstate argues that Laborde has no duty to advise the client about the cost, availability, or desirability of certain insurance coverages unless it assumes or agrees to such a duty.

In <u>Karam v. St. Paul Fire & Marine Ins Co.</u>, 281 So.2d 728, 730-31 (La. 1973), the Supreme Court of Louisiana discussed the insurance agent's duty to the client:

> An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.

"[A]n insurance agent's duty to his client can be greater than merely the procuring of requested insurance, depending on what services the agent holds himself out as performing and on the specific relationship and agreements between the particular agent and client." <u>Graves v. State Farm Mut. Auto Ins. Co.</u>, 821 So.2d 769, 773 (La. Ct. App. 2002). However, an insured is charged with knowledge of the terms of the policy. <u>Dobson v. Allstate Ins. Co.</u>, 2007 WL 2078423 at *11 (E.D. La. 2006).

Based on the facts alleged in the pleadings and recounted above, the court finds that

6

Allstate has not established that there is no reasonable basis to predict that the Tessiers may recover against Laborde on the state law claim. Allstate has not established improper joinder, and the court lacks diversity jurisdiction.

### III. CONCLUSION

The court lacks subject matter jurisdiction, and the case is remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, this __6th__ day of July, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**